ARCHIE NATHANIEL BIGGERS, Plaintiff in Error,

*v.*

THE STATE OF TENNESSEE, Defendant in Error.

411 S.W.2d 696.

(*Nashville,* December Term, 1966.)

Opinion filed January 12, 1967.

Petition for Rehearing Denied March 1, 1967.

554

AVON N. WILLIAMS, JR., of counsel, LOOBY & WILLIAMS, Nashville, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, ROBERT F. HEDGEPATH, Assistant Attorney General, JOHN HOLLINS, Assistant District Attorney General, Nashville, prosecuted the case for the State in the trial court.

MR. JUSTICE DYER delivered the opinion of the Court.

Plaintiff in error, Archie Nathaniel Biggers, herein referred to as defendant, appeals from a conviction of rape for which he has been sentenced to serve twenty (20) years in the State Vocational Training School for Boys. Defendant at the time of the crime was sixteen years old.

The victim, Mrs. Margaret Beamer, is a married woman with five children. On the night of 22 January 1965 she was at home in her living room sewing. About 9:00 p.m. she started from her living room to the bedroom, which rooms are separated by a hall, and as she reached the hall defendant, with a butcher knife in his hand, grabbed her from behind pulling her to the floor. Her screams brought her daughter out of a bedroom into the hall and when the daughter saw what was happening she also began to scream. Defendant said to Mrs. Beamer, "You tell her to shut up or I'll kill you both." Mrs. Beamer ordered the daughter back into the bedroom. Defendant escorted Mrs. Beamer out the back door of the house to a spot about two blocks away where he had sexual relations with her. Upon completion of the sexual act defendant ran away and Mrs. Beamer, returning home, notified police. About 10:15 p.m. on this night Mrs. Beamer was medically examined which revealed she had had sexual intercourse within three (3) hours prior to that time.

During the early hours of 17 August 1965 defendant was arrested for an incident occurring on this night of his arrest and immediately taken to Juvenile Aid. Defendant's mother came to Juvenile Aid and in her presence he was fully advised of his constitutional rights. Later on in the morning defendant was released to the Police Department and Mrs. Beamer, at Police Headquarters,

identified defendant as the person who raped her on 22 January 1965.

Defendant as a witness in his own behalf denied any knowledge of the crime. Several witnesses testified to his good character.

The assignments of error are as follows:

1. The evidence preponderates against the verdict of the jury and in favor of the innocence of the accused.

2. The defendant was prejudiced when a witness for the State mentioned other offenses allegedly committed by the defendant for which he was not on trial and for which he had not previously been convicted.

3. The defendant was prejudiced when the Attorney General went outside the evidence in the case while making his final argument to the jury.

4. The defendant was required to give evidence against himself without having been advised of his constitutional rights.

5. The defendant was prejudiced by the action of the Trial Court in refusing to require the State to furnish him a transcript of the trial proceedings.

■■ The first assignment of error is predicated upon the ground the identity of defendant by the victim was so vague, uncertain and unsatisfactory and given under such circumstances as not to have any substantial probative value. This identification was made based upon the defendant's size, voice, skin texture and hair. On identification the trial judge asked the victim, ''All right. Is there any doubt in your mind.'' To which the victim

replied, "No, there's no doubt." Identification is a question of fact for the jury. *Stubbs v. State,* 216 Tenn. 567, 393 S.W.2d 150 (1965). The first assignment of error is overruled.

Under the second assignment of error it is alleged Thomas E. Cathey a member of the Metropolitan Police Department, as a witness for the State, mentioned other offenses allegedly committed by defendant. In defendant's brief these references to other crimes are described as being "by inference." We have carefully examined the pages of the transcript cited and find no reference to other crimes. The assignment of error is overruled.

Objection is made, under the third assignment of error, to the following argument by the Assistant District Attorney General:

In many parts of our United States, Gentlemen of the Jury, a case of this nature would never go to trial, and I am sorry to say, its all south of the State of Tennessee, and that is because of this fine woman, Mrs. Beamer's environment, economic circumstances, and situation, she is not considered in those states to have any more rights than a dog and her reproductive organs—".

The argument above was not completed due to objection by defendant which was sustained by the court. The Assistant District Attorney General did not pursue this line of argument further. Both the defendant and the victim were members of the Negro race, a fact, of course, known to the jury. It is insisted, under these circumstances, this argument was an appeal to racial prejudice. We agree this line of argument was improper, but in light of the prompt action of the trial judge we

think such was harmless error. The third assignment of error is overruled.

Mrs. Beamer and defendant, for the purpose of possible identification, were brought together at Police Headquarters. Mrs. Beamer requested police have defendant repeat in her presence some of the words her assailant had used at the time of the rape. The words requested were, "Stop or I'll kill you." Defendant, upon instructions of police, repeated these words and Mrs. Beamer bases her identification of defendant as her assailant partly upon his voice. Under the fourth assignment of error it is alleged requiring defendant to speak these words for the purpose of identification violated his constitutional right against self-incrimination.

While the exact problem presented here has not been before this Court, yet we think it is controlled by the logic and reason used by the court in the case of *Barrett v. State*, 190 Tenn. 366, 229 S.W.2d 516 (1950). The *Barrett* case involved a defendant required to wear a hat at the time he was being identified. This court, rejecting the argument such was a violation of defendant's privilege against self-incrimination, quoted from Wigmore on Evidence, 3 Ed. Section 2265, p. 375 as follows:

"Unless some attempt is made to secure a communication, written or oral, upon which reliance is to be placed as involving his consciousness of the facts and the operations of her mind in expressing it, the demand made upon him is not a testimonial one." 190 Tenn. 372, 229 S.W. 2d 519.

A thorough analysis of the problem presented can be found in 8 Wigmore on Evidence, sec. 2265, at pp. 386, 396 (McNaughton, rev. 1961). In analyzing this consti-

tutional privilege Dean Wigmore lists eleven (11) principal categories which he specifically states are not covered. Category No. 7 is; "Requiring a suspect to speak for identification." A number of cases are cited for the proposition a defendant's rights are not violated when he is forced to speak certain words solely for the purpose of identification. See above citation in Wigmore.

In the instant case defendant was told what words to say and in repeating them he did not give any factual information tending to connect him with the crime; nor could any reliance be placed on these words which would indicate defendant was conscious of, or had knowledge of, any facts of the crime. The only thing he gave was the sound of his voice to be used, along with other things, solely for the purpose of identification. Under these circumstances we do not think defendant's constitutional right against self-incrimination was violated. The fourth assignment of error is overruled.

Under T.C.A. sec. 40-2037 et seq. the State is required to furnish to an indigent defendant a transcript upon request. The trial judge determines if the defendant is indigent and in this case determined defendant was not indigent. We find no error in this determination by the trial judge. The fifth assignment of error is overruled.

Judgment affirmed.

BURNETT, CHIEF JUSTICE, CHATTIN and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.