**Price MAXWELL, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Sept. 14, 1973.

Certiorari Denied by Supreme Court
Nov. 5, 1973.

Russell Rice, Jr., Jackson, for plaintiff in error.

David M. Pack, Atty. Gen., William B. Hubbard, Asst. Atty. Gen., Nashville, Whit LaFon, Asst. Dist. Atty. Gen., Jackson, for defendant in error.

OPINION

OLIVER, Judge.

Indigent and represented at trial and here by appointed counsel, Maxwell has perfected an appeal in the nature of a writ

of error to this Court contesting his Madison County Circuit Court robbery conviction for which he was sentenced to imprisonment in the penitentiary for five years.

By his first three Assignments of Error the defendant assails the sufficiency of the evidence.

Around 4:00 p. m. September 2, 1972, during the taking of inventory and changing of shifts, the defendant, wearing a round-brimmed hat, entered the Lee Oil Service Station near Jackson in Madison County and asked employee James Pruett what kind of beer he had. Pruett, recognizing him as having bought beer there twice previously, replied, "You ought to know." The defendant then whirled around with his hand in his pocket and said, "This is a stick-up." The other employee, Ronald Carlson, who had his back turned and was counting money, asked, "Did he say 'This is a stick-up?'" The defendant answered, "That's what I said. This is a stick-up."

The defendant then took $225 lying on the desk, Carlson's Zippo cigarette lighter and Pall Mall cigarettes and money. He kicked a drawer, where change was kept, when Carlson attempted to open it, removed the telephone receiver from the hook and warned them that if they touched it someone back in the woods would blow it off the wall. A hat like the one worn by the defendant was found in a ditch behind the station, the same direction taken by him when he fled.

About 6:00 p. m. the same day the defendant was arrested about two miles from the service station for public drunkenness. He was searched and on his person were found a Zippo cigarette lighter, which Carlson identified as his by the dents on the top of it, a pack of Pall Mall cigarettes and $83.81.

Apart from the jury, Pruett and Carlson testified that they went to the City Hall the same evening. Pruett was shown a group of photographs and picked the defendant's picture from them. The record does not show whether Carlson looked at the photographs. The police exhibited the defendant to them and both identified him as the robber. Pruett testified that he would have been able to identify the defendant without having seen him at the show-up. The court excluded all the testimony about the show-up identification at City Hall and none of that testimony was heard by the jury. In the presence of the jury both Pruett and Carlson positively identified the defendant as the robber.

The defendant did not testify. Paul Davis, as a defense witness, testified that he was with the defendant from 2:00 p. m. until a little after 4:00 o'clock the day of the robbery; that he and the defendant left his house and went to Will Dotson's Cafe and they and another person drank a quart of beer and he left the defendant there; that the cafe is about three blocks from the service station, but the distance between the two establishments is shorter if one takes a short cut across the ditch; and that the defendant was not wearing a hat at the cafe and was not drunk. The last defense witness, Lloyd Reeves, testified that he and the defendant were at Davis' house; that the defendant was not drunk and that he (Reeves) left about 3:40 p. m.

■ Considered in the light of the familiar rules governing appellate review of the evidence in criminal cases when its sufficiency is challenged, stated and restated so many times by this Court and the Supreme Court of this State, Jamison v. State, 220 Tenn. 280, 416 S.W.2d 768; Webster v. State, 1 Tenn.Cr.App. 1, 425 S.W.2d 799; Chadwick v. State, 1 Tenn. Cr.App. 72, 429 S.W.2d 135, we are satisfied the evidence unquestionably justified the jury in finding the defendant guilty of robbery. He has failed to carry his burden of demonstrating here that the evidence preponderates against the verdict and in favor of his innocence.

■ The defendant's next contention is that the in-court identifications were taint-

ed by a prior illegal line-up identification when the defendant was not represented by counsel. This position is untenable. In the first place, there was no police line-up. Instead, the defendant was shown alone to Pruett and Carlson by the police; this was a show-up and nothing more.

In Stovall v. Denno, 388 U.S. 293, 87 S. Ct. 1967, 18 L.Ed.2d 1199, the Court said, *inter alia,* "The practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned."

But the Court went on to say in *Stovall:* "However, a claimed violation of due process of law in the conduct of a confrontation depends on the totality of the circumstances surrounding it . . ." See also: Hancock v. State, 1 Tenn.Cr.App. 116, 430 S.W.2d 892.

Furthermore, in the argument on defense objection to the admission of testimony about the defendant's identification at the show-up, defense counsel replied affirmatively when the trial court inquired whether he was relying upon the *Wade* case (United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149), and that case is cited and relied upon in the defendant's brief. But the defendant overlooks the legal consequence of the fact that his show-up presentation and identification occurred the same day the robbery was committed, which, of course, was before his indictment for the robbery in this case. In Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L. Ed.2d 411 (a show-up identification immediately after arrest), the Court held that United States v. Wade, supra, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, do not apply to pre-indictment confrontations. The Court concluded that a show-up after arrest, but before the initiation of any adversary criminal proceedings by a formal charge, unlike the post-indictment confrontation involved in *Wade* and *Gilbert,* is not a criminal prosecution at which the accused is entitled to counsel as a matter of absolute right.

See: Bracken v. State, Tenn.Cr.App., 489 S.W.2d 261; Russell v. State, Tenn. Cr.App., 489 S.W.2d 535.

In Kirby v. Illinois, supra, the Court said that *Stovall* strikes the appropriate constitutional balance between the right of a suspect to be protected from prejudicial procedures and the interest of society in the prompt and purposeful investigation of an unsolved crime.

In Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401, the Court said:

". . . It is the likelihood of misidentification which violates a defendant's right to due process, and it is this which was the basis of the exclusion of evidence in *Foster.* [Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402]. Suggestive confrontations are disapproved because they increase the likelihood of misidentification, and unnecessarily suggestive ones are condemned for the further reason that the increased chance of misidentification is gratuitous. But as *Stovall* makes clear, the admission of evidence of a showup without more does not violate due process."

In the present case, it will be remembered that Pruett testified he had seen the defendant twice before and identified him from a photograph before confronting him in a show-up. He further testified in court that he would have been able to identify the defendant without the show-up. Carlson testified that he saw the defendant's entire face, and there was no doubt in his mind that the defendant was the man who robbed him. Considering the totality of the circumstances shown in this record, there is nothing to indicate that the identification of the defendant by photographs or show-up "was so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law." Stovall v. Denno, supra. The record does not sustain the defendant's contention that the in-court identification of the defendant by the filling station attendants was in any way tainted

or corrupted by their identification of him at the show-up.

■ Identification of the defendant as the person who committed the crime for which he is on trial is a question of fact for the determination of the jury, upon consideration of all the competent proof. Stubbs v. State, 216 Tenn. 567, 393 S.W.2d 150; Biggers v. State, 219 Tenn. 553, 411 S.W.2d 696, affirmed, 390 U.S. 404, 88 S. Ct. 979, 19 L.Ed.2d 1267, reh. den., 390 U. S. 1037, 88 S.Ct. 1401, 20 L.Ed.2d 298; Neil v. Biggers, supra.

Also unmeritorious is the defendant's Assignment complaining the court erred in denying his motion for a continuance. When the State concluded its case and rested, defense counsel orally made the following motion apart from the jury:

> "MR. RICE: In the matter of the previous instances where he was supposed to have been coming into the service station, he has a witness in Mississippi he was working for two days before which we had no knowledge of the fact that we were going to be needing this man. Based on surprise, we ask for a continuance until tomorrow."

In overruling the motion, the trial court stated there was no way to get a witness from Mississippi to Tennessee by the next day and that in this case the jury had to be kept together and sequestered.

In the first place, no affidavit specifying the testimony relied on was filed with the court as required by TCA § 19–413 in such cases. Mitchell v. State, 92 Tenn. 668, 23 S.W. 68; Kirkendoll v. State, 198 Tenn. 497, 517, 281 S.W.2d 243. Further, in this case the court was not advised as to what this unnamed witness would testify if present, and was given no assurance that the witness would be present the next day.

■ A rudimentary principle of law is that a motion for a continuance is addressed to the sole discretion of the trial judge, and his judgment will not be disturbed in the absence of a clear showing of gross abuse of his discretion to the prejudice of the defendant. State ex. rel. Carroll v. Henderson, 1 Tenn.Cr.App. 427, 443 S.W.2d 689; Moorehead v. State, 219 Tenn. 271, 409 S.W.2d 357.

■ The burden rests upon a party assigning errors in connection with matters of continuance to show that the action of the court was prejudicial. Appellate courts will look to the result of the trial before them. The only test that may be applied is whether one has been deprived of his rights and whether an injustice has been done. The reviewing court will consider the entire record for the purpose of determining whether or not the judgment rendered was proper. A reversal will be ordered on account of denial of a continuance only if the appellate court is convinced that the complaining party did not have a fair trial and that a different result would or might reasonably have been reached had there been a different disposition of the application for a continuance. Tennessee Procedure in Law Cases, Higgins & Crownover, § 885.

■ Upon this record we cannot say that the trial court abused his discretion to the prejudice of the defendant in denying his motion for a continuance.

Affirmed.

RUSSELL and GALBREATH, JJ., concur.