Dennis BALL, Plaintiff in Error,

v.

STATE of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

Sept. 25, 1973.

Certiorari Denied by Supreme Court

Jan. 7, 1974.

Robert E. L. Sutton, Nashville, for plaintiff in error.

David M. Pack, Atty. Gen., Alex B. Shipley, Jr., Asst. Atty. Gen., Carl D. Thoresen, Asst. Dist. Atty. Gen., Nashville, for defendant in error.

## OPINION

OLIVER, Judge.

Convicted of armed robbery and sentenced to imprisonment in the penitentiary for 10 years, Ball has brought his case to this Court by an appeal in the nature of a writ of error duly perfected.

By appropriate Assignments of Error, the defendant makes the usual assault upon the sufficiency of the evidence, insisting that it preponderates against the verdict of the jury and in favor of his innocence.

Except for his testimony apart from the jury with reference to his participation in a police line-up, referred to hereinafter, the defendant did not testify and offered no proof.

Between 6:00 and 8:00 p. m. January 6, 1972 a man, wearing a pink or wine-colored shirt and blue jeans, holding a large knife with a pale yellow handle, accosted room clerk Margaret Pinkerton in a hallway of the Tudor Inn in Nashville and directed her to go behind the main desk and followed her there and ordered her to open the cash register. Into a Manila envelope she placed between $250 and $300 in currency, an American Express Traveler's Check made out to the Inn and a personal check signed by Danny Stiglets, another employee, payable to Tudor Inns and bearing the Inn's stamped endorsement on the back. When she started to place the rolled coins into the envelope, the man put the knife close to her throat and told her he did not want the coins and warned her to do as he instructed. At one point while this was going on, he called out to some person named Jim, supposedly in the hallway, and told him to be on the look-out. When the police arrived the clerk gave them a description of the robber. With that information, a policeman went to Printer's Alley and arrested the defendant when he got out of a cab. He had $247 in cash and the two above-mentioned checks in his wallet.

Between 1:00 and 1:30 the same night, the defendant participated in a line-up at police headquarters after his rights had been explained to him and he had examined and signed a statement acknowledging his understanding of his rights in the

premises and his willingness to participate in the line-up without the presence of counsel. Viewing this line-up, consisting of the defendant and four other prisoners of similar description, Miss Pinkerton identified the defendant as the man who robbed her. She identified him in court, and stated that she had identified him at the line-up.

Apart from the jury, the court conducted an inquiry concerning the line-up and the defendant's identification in it. After hearing the officer who arranged and conducted the line-up and the testimony of the defendant, who said he was not advised of and did not understand his rights and was not told that he had the right to have an attorney present at the line-up and that he was simply handed a piece of paper and told to sign it and did not read it, the court overruled defense objections to admission of the signed waiver and the evidence concerning his identification in the line-up, thus implicitly holding that the line-up was properly conducted. Thereupon, the officer testified in detail before the jury concerning the conduct of the entire operation and the defendant's identification by the robbed clerk.

■ The action of the trial court as to the admissibility of evidence, following an evidentiary hearing on the question, will not be reversed on appeal unless the evidence touching that issue preponderates against the court's ruling. Mitchell v. State, 3 Tenn.Cr.App. 153, 458 S.W.2d 630; Mitchell v. State, 3 Tenn.Cr.App. 494, 464 S.W.2d 307; Lloyd v. State, 223 Tenn. 1, 440 S.W.2d 797; Wooten v. State, 203 Tenn. 473, 314 S.W.2d 1.

■ The defendant has failed to carry his burden of demonstrating here that the evidence preponderates against the verdict of the jury and in favor of his innocence. Jamison v. State, 220 Tenn. 280, 416 S.W. 2d 768; Webster v. State, 1 Tenn.Cr.App. 1, 425 S.W.2d 799; Chadwick v. State, 1 Tenn.Cr.App. 72, 429 S.W.2d 135.

Nor has he successfully borne his burden of showing that the evidence preponderates against the finding of the trial judge concerning the line-up and his identification thereat. Wooten v. State, supra; Lloyd v. State, supra; Mitchell v. State, 3 Tenn. Cr.App. 494, 464 S.W.2d 307. We agree with the trial judge that the line-up was conducted correctly and with due precautions for the protection of the defendant's rights. The Assignment challenging that ruling is without merit.

■ Identification of the defendant as the person who committed the crime for which he is on trial is a question of fact for the determination of the jury, upon consideration of all the competent proof. Stubbs v. State, 216 Tenn. 567, 393 S.W.2d 150; Biggers v. State, 219 Tenn. 553, 411 S.W.2d 696, affirmed 390 U.S. 404, 88 S. Ct. 979, 19 L.Ed.2d 1267, reh. den. 390 U.S. 1037, 88 S.Ct. 1401, 20 L.Ed.2d 298; Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401.

Affirmed.

MITCHELL and O'BRIEN, JJ., concur.