# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 2, 2008

## STATE OF TENNESSEE v. BERT NEWBY

### Direct Appeal from the Criminal Court for Shelby County
### Nos. 06-03859, 06-03860     W. Otis Higgs, Judge

#### No. W2007-01213-CCA-MR3-CD   -   Filed July 17, 2009

The defendant, Bert Newby, was convicted of one count of first degree murder, and one count of aggravated assault, a Class C felony. He was sentenced to consecutive sentences of life for the first degree murder charge and three years for the aggravated assault. The defendant raises three issues for appeal: 1) whether the late-filed notice of appeal should be waived in the interest of justice and judicial economy; 2) whether the trial court erred in consolidating the indictments for trial; and 3) whether the evidence was sufficient to support his murder conviction. After careful review, we conclude that no reversible error exists and affirm the judgments from the trial court.

#### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Robert Wilson Jones, District Public Defender, and Garland Ergüden, Kindle Nance, and Robert Felkner, Assistant Public Defenders, for the appellant, Bert Newby.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Senior Counsel; William L. Gibbons, District Attorney General; and David Zak and Corliss Shaw, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

This case involves the murder of the victim after he failed to repay a debt to the defendant for drugs. The defendant denied that he killed the victim but did acknowledge that the victim owed him $195. He also admitted that he hit the victim in the head with a 9mm pistol during an argument a few days before the victim was killed.

During the trial, the victim's wife testified that the victim came home one evening after picking up some food. The defendant was outside their home when the victim returned. The victim's wife testified that she advised the victim to stay away from the door, but he proceeded

outside. She said that the defendant hit the victim in the head with a gun, inflicting an injury which required stitches. She testified that the defendant knocked on their door the next day and identified himself as "Thick." She testified that the defendant told her not to "say a damn word about what he was going to do." He told her that he had shot one man and could shoot another. The victim's wife said she went to bed, and, when the victim returned home, she advised him to lock the door. The defendant returned to the victim's home later that night and knocked on the door. The victim's wife testified that the victim answered the door and was shot by the defendant. She said that she saw the defendant running away from the apartment, getting into a car, and driving away.

The defendant acknowledged that he sold drugs to the victim and that the victim owed him money for drugs. The defendant also admitted to officers that he had been in a fight with the victim prior to the murder and that he struck the victim in the head with a 9mm pistol during the fight. The defendant told the police that he was in a motel with his girlfriend on the night of the murder. The girlfriend verified that they stayed at the motel that night, but she also told the police that the defendant left the motel twice that night.

Analysis

On appeal, the defendant acknowledges that his notice of appeal was not timely filed but contends that this was due to trial counsel's inexperience with appellate practice. He contends that this court should waive the timely filing requirement because it "would prevent an unnecessary petition for post-conviction relief, insure the defendant's right to appeal, and promote judicial economy." The State argues that the defendant has failed to establish that the requirement should be waived.

A notice of appeal must be filed within thirty days after the date of entry of the judgment. Tenn. R. App. P. 4(a). However, the "notice of appeal" document is not jurisdictional, and the filing of such document may be waived in the interest of justice. *Id*. Waiver is not automatic. "In determining whether waiver is appropriate, this Court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 Tenn. Crim. App. LEXIS 1300, at *3 (Tenn. Crim. App. at Nashville, Dec. 27, 2005)(quoting *Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 Tenn. Crim. App. LEXIS 84, at **2-3 (Tenn. Crim. App. at Nashville, Feb. 13, 1996). The trial court denied the motion for new trial on April 25, 2007, and the defendant filed his notice of appeal on June 27, 2007. There is no dispute that the notice of appeal is untimely in this case.

The defendant submits that the notice of appeal was not timely filed because trial counsel was inexperienced with appellate practice. On appeal, he presents two issues: whether the evidence was sufficient to support his conviction, and whether the trial court properly consolidated the charges of first degree murder and aggravated assault. He contends that he should not lose his right to appeal solely due to counsel's errors. Given the gravity of the crime, as well as the magnitude of the punishment, we elect, in the interest of justice, to waive the timely filing of a notice of appeal.

The defendant argues that the evidence was not sufficient beyond a reasonable doubt to support his conviction for first degree murder. When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *State v. Brewer*, 932 S.W.2d 1, 18 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. *Liakas v. State*, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Elkins*, 102 S.W.3d 578, 581 (Tenn. 2003).

The trier of fact, not this court, resolves questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence. *Id.* In *State v. Grace*, the Tennessee Supreme Court stated that "[a] guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." 493 S.W.2d 474, 476 (Tenn. 1973). Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982); *Grace*, 493 S.W.2d at 476.

The defendant contends that the evidence was insufficient to support his conviction for first degree murder because the victim's wife was mentally challenged and erred in identifying him as the murderer. The defendant argues that the evidence of his identity was insufficient under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 317, 99 S. Ct. 2781 (1979). Specifically, he contends that the jury should not have believed the testimony of the victim's wife because she was mentally challenged.

The State bears the burden of proving beyond a reasonable doubt that the accused is the perpetrator of the offense. *White v. State*, 533 S.W.2d 735, 744 (Tenn. Crim. App. 1975). Identity of the accused may be accomplished by direct evidence, circumstantial evidence, or both. *State v. Thompson*, 519 S.W.2d 789, 793 (Tenn. 1975). The determination of identity is a question of fact for the jury after a consideration of all competent evidence. *Biggers v. State*, 411 S.W.2d 696, 697 (Tenn. 1967); *Stubbs v. State*, 216 Tenn. 567, 393 S.W.2d 150 (1965).

The victim's wife was the only eyewitness to the shooting, and she identified the defendant as the shooter. The record reflects that the defendant's trial counsel extensively cross-examined her about what she saw and that she did not change her story. The jury heard her testimony and chose

to believe it. This court does not reweigh or reevaluate the evidence in determining sufficiency. *State v. Cabbage*, 571 S.W.2d at 835. The jury heard the testimony of the victim's wife, including the prior altercation between the defendant and the victim, and the defendant's admission that he was in the area when the victim was killed. Viewing the evidence in the light most favorable to the State, there is sufficient evidence to support the jury's finding of fact that the defendant shot and killed the victim.

Next, the defendant argues that the trial court erred in consolidating the indictments for first degree murder and aggravated assault. Specifically, the defendant argues that the indictments should not have been consolidated because the trial court did not put on proof that the two offenses were part of a common scheme or plan.

The decision to consolidate or sever offenses that have been permissively joined under Tennessee Rule of Criminal Procedure 8(b) is reviewed on appeal for an abuse of discretion. *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999). When the offenses are parts of a common scheme or plan or when the offenses sought to be severed would be admissible as evidence in the trial of the other offenses, the trial court has wide discretion to join offenses for a single trial. *Id.* The decision whether to sever offenses will depend on the facts of a particular case; therefore, the denial of a motion to sever will be reversed on appeal only when the court applied an incorrect legal standard or reached a conclusion that defies logic or resulted in an injustice to the aggrieved party. *Id.*

"[E]vidence and arguments tending to establish or negate the propriety of consolidation (or severance) must be presented to the trial court in the hearing" on a pretrial motion. *Spicer v. State*, 12 S.W.3d 438, 443 (Tenn. 2000). "[B]ecause the trial court's decision of whether to consolidate offenses is determined from the evidence presented at the hearing, appellate courts should usually only look to that evidence, along with the trial court's findings of fact and conclusions of law, to determine whether the trial court abused its discretion by improperly joining the offenses." *Id.*; *see Shirley*, 6 S.W.3d at 247. "[W]hen a defendant objects to a pre-trial consolidation motion by the [S]tate, the trial court must consider the motion by the severance provisions of Rule 14(b)(1), not the 'same or similar character' standard of Rule 8(b)." *Spicer*, 12 S.W.3d at 443; Tenn. R. Crim. P. 14(b)(1); Tenn. R. Crim. P. 8(b). Rule 14(b)(1) provides:

> If two or more offenses have been joined or consolidated for trial pursuant to Rule 8(b), the defendant shall have a right to a severance of the offenses unless the offenses are part of a common scheme or plan and the evidence of one would be admissible upon the trial of the others.

The primary inquiry into whether a severance should have been granted under Rule 14 is whether the evidence of one crime would be admissible in the trial of the other if the two counts of indictment had been severed. *State v. Burchfield*, 664 S.W.2d 284, 286 (Tenn. 1984).

There is a three-pronged test to determine whether a motion to sever offenses should be denied. First, the trial court must conclude that the offenses constitute parts of a common scheme

or plan pursuant to Tennessee Rule of Criminal Procedure 14(b)(1). The court must then (1) determine if the evidence of each offense is relevant to some material issue in the trial of all the other offenses pursuant to Tennessee Rule of Evidence 404(b)(2); and (2) determine if the probative value of the evidence of other offenses is not outweighed by the prejudicial effect that admission of the evidence would have on the defendant pursuant to Tennessee Rule of Evidence 404(b)(3). *Spicer*, 12 S.W.3d at 445.

The first prong of the test may be satisfied in one of three ways: "In Tennessee there are three types of common scheme or plan evidence: (1) offenses that reveal a distinctive design or are so similar as to constitute 'signature' crimes; (2) offenses that are part of a larger, continuing plan or conspiracy; and (3) offenses that are all part of the same criminal transaction." *Shirley*, 6 S.W.3d at 248. "[B]efore multiple offenses may be said to evince a distinctive design, the 'modus operandi employed must be so unique and distinctive as to be like a signature.'" *Id.* (quoting *State v. Carter*, 714 S.W.2d 241, 245 (Tenn. 1986)).

The second prong requires application of the rule governing evidence of other crimes, wrongs, or acts. In order to determine whether "evidence of one would be admissible upon the trial of the others," courts look to the provisions of Tennessee Rule of Evidence 404, which governs the use of character evidence. "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character trait. It may, however, be admissible for other purposes," such as identity, intent, or rebuttal of accident or mistake. Tenn. R. Evid. 404(b), Advisory Comm'n Cmts; *see also State v. Hallock*, 875 S.W.2d 285, 292 (Tenn. 1993). To determine whether evidence of other crimes, wrongs, or acts is admissible under Rule 404(b), for a purpose other than to prove the person acted in conformity with a character trait, the trial court must determine whether "a material issue exists other than conduct conforming with a character trait." *Id.*

The third prong of the analysis requires a determination of whether the probative value of the evidence is outweighed by the danger of unfair prejudice. If the probative value is so outweighed, the evidence must be excluded. Tenn. R. Evid. 404(b)(3).

Here, on the morning of trial, the defendant filed a motion objecting to the consolidation of the two indictments for trial. The State explained its reasons for consolidation on the record as follows:

> The State's allegations are that [the victim] and [the defendant] were associates. They knew each other. There came a point [in] time when [the victim] owed [the defendant] money. Approximately three days before the murder, [the victim] and [the defendant] had a conversation. [The defendant] hit the victim in the head with a gun. Aggravated assault charges were being filed or about to be filed.

A few days [passed], the loan is still not repaid. The defendant . . . comes over to [the victim's] apartment, shoots him, runs away, a few hours later, surrenders himself to the police.

The State's position on this is, your Honor, the indictment numbers are two separate and sequential indictment numbers, but they're all under the same facts and circumstances of the case.

The aggravated assault can only be proved through the witnesses on the murder case, and the murder case shows the premeditation through the aggravated assault.

So because of that, judicial economy would dictate that these cases stay together as they currently are.

The defendant's argument against consolidation was that they were not prepared to proceed on the aggravated assault indictment. The defendant also argued that the State should have put both counts in the same indictment. The defendant further argued that the charges did not stem from the same circumstances.

The trial court held that the charges did come from the same set of circumstances and gave the defendant an opportunity to prepare for trial on the aggravated assault. The State later clarified that the assault occurred ten days prior to the murder. Even though the defendant argued that ten days would dictate that it was not out of the same episode, the trial court consolidated the cases.

Under the three-prong test, it is reasonable that the two offenses were part of the same criminal transaction. The victim and defendant had an ongoing relationship that involved the sale and purchase of drugs. The State proceeded through trial with a theory that the victim owed the defendant money for drugs. The defendant threatened and assaulted the victim in order to force him to pay the debt. Several days later, the defendant killed the victim for nonpayment of the debt.

Under the second prong, evidence of the aggravated assault would have been admissible in a trial of the first degree murder to show motive. The defendant killed the victim because the victim failed to pay the drug debt even after being put on notice that he would be harmed through an aggravated assault. While the trial court did not specifically state that the probative value of the evidence outweighed the danger of prejudice, the court implicitly made this finding when it consolidated the two indictments for trial.

The defendant has not demonstrated that the trial court abused its discretion in consolidating the charges of first degree murder and aggravated assault. Therefore, we find no reversible error.

CONCLUSION

Based on the foregoing and the record as a whole, we conclude that no reversible error exists and affirm the judgments from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE