# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs July 22, 2025

## STATE OF TENNESSEE v. SAMANTHA LOUISE BLEDSOE

### Appeal from the Criminal Court for Sullivan County
### No. S71196   James F. Goodwin, Jr., Judge

---

### No. E2024-00975-CCA-R3-CD

---

Defendant, Samantha Louise Bledsoe, was indicted by the Sullivan County Grand Jury for one count of driving under the influence ("DUI"), one count of DUI per se, one count of driving on a revoked license, and one count of DUI sixth offense. At the close of the State's proof, the trial court granted Defendant's motion for judgment of acquittal as to the charge of driving on a revoked license. A jury found Defendant guilty of the alternate DUI counts, and after a bifurcated proceeding, the DUI sixth offense count. The trial court merged the other offenses into the DUI sixth offense count and imposed an agreed upon four-year sentence. Defendant appeals her conviction and challenges the sufficiency of the evidence of her identity as the driver of the vehicle. Following our review, we affirm the judgment of the criminal court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and STEVEN W. SWORD, JJ., joined.

Richard A. Spivey and J. Matthew King, Kingsport, Tennessee, for the appellant, Samantha Louise Bledsoe.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin L. Barker, Assistant Attorney General; Barry P. Staubus, District Attorney General; and Louis D. Torch and Alexander C. Griffith, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

The State's proof at trial opened with the testimony of Susan Lawson, the individual Defendant claimed was driving her vehicle at the time of Defendant's DUI arrest on September 2, 2018. Ms. Lawson testified she drove Defendant's car, a red Jeep, to the Bristol Heights Trailer Park earlier that date. When they arrived, Ms. Lawson had an altercation with someone at the trailer park, and they left. Ms. Lawson testified that she drove because Defendant was "tipsy." After they left, Defendant insisted that she could drive, so Ms. Lawson asked her to drop her off at the Cedar Creek gas station. According to Ms. Lawson, "[Defendant] got in the driver's side of the Jeep and [Defendant] left the parking lot with the Jeep" alone.

Bristol Police Department Officer Brandon Carter[1] was responding to a disturbance call of "a possible fight" at the trailer park when he was alerted that the person who caused the disturbance had left in a red or maroon Jeep. Officer Carter saw a red Jeep driving toward him on Weaver Pike, and he "slowed down, almost to a complete stop so [he] could get turned around . . . if [he] needed to." He "waited for it to pass [him] so that [he] could see who was in the vehicle." Officer Carter described the driver as a female with long, brown hair, who was wearing a blue and white top. Officer Carter identified Defendant as the driver of the Jeep. He did not see any other occupants in the Jeep. Officer Carter turned his patrol car around and activated his lights and siren. The Jeep turned right onto Cunningham Road, and Officer Carter lost sight of the Jeep for ten to fifteen seconds. When Officer Carter made the turn, he "almost hit the vehicle where it was stopped in the middle of the road." Officer Carter testified, "the person that was driving, when they passed me, was standing in front of the hood of the vehicle."

Defendant was yelling for "Sue," and she told Officer Carter that the driver of the vehicle had run from the scene. Officer Carter "checked that area, where she said she ran through the brush, and could not find any way for somebody to run through it." Defendant's eyes were "glossy [and] bloodshot." Officer Carter asked Defendant "if she'd taken anything," and Defendant said she had not but that she "had been drinking."

Officer Clayton Potter arrived at the scene and observed that Defendant "appeared to be intoxicated." Officer Potter could smell alcohol on Defendant's breath, and Defendant "was acting kind of erratic." Defendant was "very argumentative." She repeatedly told the officers that Sue was driving the car and not her. Officer Potter observed the area where Defendant said Ms. Lawson had run as "very thick, a wooded area there at the bottom of the hill" with "thick dense vegetation[.]"

Officer Potter administered field sobriety tasks. Defendant interrupted several times, "telling [him] that [he] need[ed] to look for Sue." Defendant performed poorly on

_____

[1] At the time of trial, Officer Carter was a Sergeant for the Sullivan County Sheriff's Office.

- 2 -

the walk and turn test. Officer Potter tried to explain the tasks to Defendant and was "not really getting anywhere." Officer Potter ended the testing and placed Defendant under arrest. He transported her to the hospital where a blood sample was drawn, which indicated Defendant's blood alcohol concentration was .171 percent. Officer Potter's dashcam video footage was introduced as an exhibit and played for the jury.

After Defendant was placed under arrest, Officer Carter called a tow truck to tow Defendant's vehicle. He saw the tow truck driver pull a key ring with several keys attached from inside the front bumper of the Jeep.

Defendant's husband, Jeff Bledsoe, testified that on September 1, 2018, Ms. Lawson and Defendant took his Jeep without his permission and drove to Ms. Lawson's trailer to spend the night. They returned the following afternoon, and Mr. Bledsoe and Ms. Lawson "got into a mild argument" over her taking his Jeep. They left again, and Mr. Bledsoe told them to come back and take him to Applebee's. Ms. Lawson drove Mr. Bledsoe, in the front passenger seat, to Applebee's. Defendant rode in the back seat. They discussed that the women would pick him up from Applebee's later that day, but they never did. Mr. Bledsoe testified that Ms. Lawson called him after Defendant's arrest and told him that Defendant had been arrested and his vehicle had been towed. Mr. Bledsoe asked her how Defendant got arrested if Ms. Lawson was driving, and Ms. Lawson replied that she "got scared, grabbed [her] things and ran." The next week, Mr. Bledsoe went to the location and took photos of the house and yard beside where the arrest occurred. He said he also walked the area and did not see any "thicket."

Defendant testified that she spent the night at Ms. Lawson's trailer on September 1. On September 2, they took Mr. Bledsoe's Jeep to look at a trailer that Ms. Lawson was considering buying. They dropped off Mr. Bledsoe at Applebee's, and Ms. Lawson drove the Jeep to the trailer. Once there, they had an altercation with the occupants of the trailer, and they left. Ms. Lawson was driving, and they passed a police car. Defendant testified that Ms. Lawson "whip[ped] up in that road and grab[bed] her stuff and jump[ed] out and r[an] out and le[ft her.]" Defendant got out of the Jeep and yelled for Ms. Lawson. Ms. Lawson ran beside a house and through a field. Defendant apologized for being agitated and interrupting Officers Carter and Potter. She was "really aggravated" because they did not attempt to find Ms. Lawson and "no one would investigate it." Defendant explained that Ms. Lawson "had gotten into an altercation with her boyfriend, and she was scared because he was going to call the police." Defendant admitted she was intoxicated but insisted she did not drive the vehicle.

*Analysis*

- 3 -

Defendant raises five issues on appeal, all of which amount to a challenge to the sufficiency of the evidence to support her conviction. Specifically, Defendant argues that the proof failed to establish her identity as the driver of the vehicle. The State argues that the evidence at trial was sufficient. We agree with the State.

When an accused challenges the sufficiency of the convicting evidence, our standard of review is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The trier of fact, not this Court, resolves questions concerning the credibility of the witnesses, and the weight and value to be given the evidence as well as all factual issues raised by the evidence. *State v. Tuttle*, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995). Nor may this Court reweigh or re-evaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). On appeal, the State is entitled to the strongest legitimate view of the evidence and all inferences therefrom. *Id.*

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this Court of showing why the evidence is insufficient to support the verdict returned by the trier of fact. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). "[D]irect and circumstantial evidence should be treated the same when weighing the sufficiency of [the] evidence." *State v. Dorantes*, 331 S.W.3d 370, 381 (Tenn. 2011).

"It is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state, . . . while . . . [u]nder the influence of any intoxicant . . . ; [or] [t]he alcohol concentration in the person's blood or breath is eight-hundredths of one percent (0.08%) or more[.]" T.C.A. § 55-10-401(a)(1).

Defendant does not contest that the evidence established that "she was inebriated," however, she asserts that the proof did not establish that she was driving the Jeep when stopped by Officer Carter. Viewed in the light most favorable to the State, the proof in this case is sufficient to show Defendant's identity as the driver of the vehicle. Identity is an essential element of any crime. *See generally White v. State*, 533 S.W.2d 735, 744 (Tenn. Crim. App. 1975). Identification of the perpetrator of a crime may be accomplished by either direct or circumstantial evidence, or both. *State v. Thompson*, 519 S.W.2d 789, 793 (Tenn. 1975). The determination of identity is a question of fact for the jury after consideration of all competent evidence. *See Biggers v. State*, 411 S.W.2d 696, 697 (1967); *Marable v. State*, 313 S.W.2d 451 (1958); *State v. Crawford*, 635 S.W.2d 704 (Tenn. Crim. App. 1982). In this case, Defendant's identity was established by the evidence.

Following a dispute, Defendant and Ms. Lawson left the trailer park together, and Ms. Lawson was driving the vehicle. After they left, Defendant insisted that she could drive, so Ms. Lawson stopped at the Cedar Creek gas station, where she exited the vehicle, and Defendant drove away by herself. Officer Carter was en route to the trailer park in response to a disturbance call when he was alerted to be on the lookout for a red or maroon Jeep. He saw a red Jeep approaching him on Weaver Pike. Officer Carter slowed his patrol car nearly to a stop and watched as the Jeep passed him. He identified Defendant as the driver of the Jeep and described what she was wearing. He did not see any other occupants in the vehicle. Officer Carter activated his lights and siren and turned his patrol car around to follow the Jeep, which turned right onto Cunningham Road. When Officer Carter turned onto Cunningham Road ten to fifteen seconds after the Jeep turned, the Jeep was stopped in the middle of the road, the driver's door was open, and Defendant was standing in front of the vehicle, yelling out for Ms. Lawson.

Defendant asserts that "officers failed to follow-up with an adequate investigation at the scene[,]" and she challenges Ms. Lawson's credibility. Issues of credibility and identity are questions reserved for the jury. The jury had the opportunity to assess the credibility of the State's witnesses at trial. The jury, by its verdict, obviously accredited the testimony of the State's witness as was their prerogative. *See State v. Millsaps*, 30 S.W.3d 364, 368 (Tenn. Crim. App. 2000) (stating that "the weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the trier[ ] of fact"). In our view, the evidence was sufficient for a rational trier of fact to have found beyond a reasonable doubt that Defendant was the driver of the Jeep and that she committed the offense of DUI. Defendant is not entitled to relief.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

s/Timothy L. Easter
TIMOTHY L. EASTER, JUDGE

- 5 -